Argued October 9; reversed November 18, 1930.

# FAHNRICH GROCERY CO. *v.* PAULSEN ET UX.

## (293 P. 422)

*George W. Caldwell* of Portland for appellant.
No appearance for respondent.

KELLY, J. ■ Appellant claims that error was committed by the giving of the following instruction:

"You are instructed that in the event you find that the plaintiff agreed to allow defendant George F. Paulsen a credit of $375 upon the account of the plaintiff herein upon delivery to the plaintiff of the sherar counter and slicing machine referred to in the evidence herein, the defendants are entitled to said

credit upon the account of plaintiff herein regardless of whether or not any partnership ever existed between the parties to this action.''

It will be noted that there is no claim in defendant's amended answer that ''plaintiff agreed to allow defendant George F. Paulsen a credit of $375 upon the account of the plaintiff herein upon delivery to the plaintiff of the sherar counter and slicing machine.'' The amount of that alleged counterclaim, as shown by defendant's amended answer, is $350.

The instruction quoted authorizes a larger credit by $25 than the counterclaim pleaded. This constitutes error which necessitates that the case be remanded for a new trial.

■■ Inasmuch as the case must be remanded, we feel justified in referring to that part of paragraph three of the court's instructions wherein the court instructed the jury that the burden of proving that the account, forming the basis of plaintiff's complaint, has not been paid rests upon the plaintiff, and to establish this allegation, the plaintiff must do so by a preponderance of the evidence. No exception was saved to this part of the charge and therefore we do not consider it ground for reversal; but payment is an affirmative defense and as the defendants have interposed such defense in this case, the defendants hold the affirmative upon the issue thus joined.

Appellant also urges that error was committed by the lower court in giving the following instruction, to wit:

''You are instructed that the plaintiff Fahnrich Grocery Company claims nothing in this case from the defendants on account of any partnership that may have existed between the plaintiff and defendant George F. Paulsen. Whatever testimony has been

admitted in this case relating to a partnership between the plaintiff and defendant Paulsen has been admitted only for the bearing it may have in determining whether or not the plaintiff agreed (1) to allow value for certain services performed by defendant Paulsen for plaintiff, and (2) to allow value to the defendant for certain fixtures delivered to plaintiff.''

■■ A corporation cannot lawfully enter into partnership with individuals: *Page-Dressler Co. v. H. F. Meader et al.*, 118 Or. 359, 367 (244 P. 308). Moreover, there is nothing in the pleadings upon which appellant would be entitled to a recovery from the defendants because of the partnership with one of the defendants, if such a partnership could have been lawfully formed. At most, treating its relation with respondent George F. Paulsen, with respect to the property mentioned in defendant's third and fourth counterclaims, as a joint venture, appellant might have invoked the aid of equity, but in the reply last filed no equitable relief is sought. The instructions given by the court upon the subject of partnership are as favorable to appellant as the law thereupon would permit.

For the reasons above stated, this cause will be reversed and remanded for a new trial.

BEAN, RAND and ROSSMAN, JJ., concur.